THE MOREHEAD BANKING CO. et al. v. E. A. WHITAKER et al.

*Evidence—Fraud.*

1. A reservation in a deed of trust for benefit of creditors, of the homestead and personal property exemption provided in the Constitution, or five hundred dollars in money in lieu of such personal property exemption, is no evidence of a fraudulent purpose.

2. The mere fact that one of the preferred creditors in an assignment is the son of the debtor, will not raise a presumption that the indebtedness is fraudulent.

CIVIL ACTION, tried at October Term, 1891, of DURHAM Superior Court, *Winston, J.,* presiding.

This is a creditor's action brought against the defendant Whitaker their debtor, and V. Ballard, the trustee of a deed trust executed on the 12th of January, 1891, whereby the said Whitaker conveyed to him all his real and personal property, consisting of land, goods in store, rights, credits, etc., to be sold, collected and applied to the payment of the debts of his creditors against him, preferring certain of them before others by classes. In this deed the said Whitaker reserves his right of homestead and personal property exemption in these words: "The said parties of the first part (Whitaker and wife) reserve and except from the operation of this deed the homestead secured to them by the Constitution and laws of said State in the lot of land above described, and do hereby direct and require said party of the second part (the trustee) to have the same laid off and allotted to them, or such one of them as may be entitled to it according to law; and said party of the second part shall have allotted and set apart to said E. A. Whitaker, according to law, and after selection of the articles by said Whitaker, the personal property exemption allowed to him by the Constitution and laws of the State, unless said Whit-

aker shall elect to take the same in money or partly in money, in which event the sum of money so preferred by him, not exceeding five hundred dollars, shall be paid to him by said party of the second part out of the proceeds of sales and collections hereinafter provided for in lieu of his said exemption in specific articles of property in whole or in part, as the case may be; and subject to the two foregoing reservations of real and personal exemptions, said party of the second part shall proceed to collect as rapidly as possible all notes, accounts, and debts of every kind owing to said E. A. Whitaker, and he shall sell all said land in excess of the constitutional homestead, and all said personal property in said excess of said personal property exemption at private or public sale for cash only, as seems to him best for the creditors of the said E. A. Whitaker, and in the manner most likely to yield enough to pay the debts, and he shall apply all proceeds of collections and sales as fast as realized," etc.

The purpose of the action is to have said deed declared void for fraud, the property sold, the debts collected and the proceeds thereof applied to the satisfaction of the plaintiffs' debts according to their respective rights, etc. The plaintiffs contend, among other things, that the above recited provision of the said deed of trust renders it presumptively fraudulent upon its face, upon the ground that it provides for the ease, convenience and advantage of the said Whitaker to the prejudice of his creditors, and is intended to hinder and delay them, etc., and they asked the Court to so instruct the jury, which it declined to do, and the plaintiffs excepted.

The Court submitted to the jury these issues, to which they responded as indicated at the end of each:

1. " Was the deed of assignment of E. A. Whitaker and wife to V. Ballard, as set out in the complaint, made by E. A. Whitaker with intent to hinder, delay and defraud his creditors?" Answer—" No."

2. "Is the debt of E. A. Whitaker, Jr., preferred in said deed of trust, just and true?"   Answer—"Yes."

The Court gave judgment for the defendants, and the plaintiffs appealed.

*Messrs. W. A. Guthrie, J. Parker* and *J. S. Manning,* for plaintiffs.

*Mr. W. W. Fuller,* for defendants.

MERRIMON, C. J.—after stating the facts: The deed of trust in question upon its face purports by its terms and effect to convey all the property of the defendant debtor to his co-defendant trustee, reserving to the former his right of homestead and personal property exemptions from execution for the benefit of his creditors as therein classified. The trustee is required to take possession of the property, sell it, collect the rights and credits as rapidly as practicable, having in view the best advantage of the creditors, and to pay their debts as fast as he shall realize money for the purpose. The debtor had the right to so classify and prefer his creditors by paying one or more of them before others.   He did not reserve to himself any advantage or provide for any delay or hindrance to his creditors, except that he reserved his rights of property exemptions as allowed by the Constitution and laws.   Such reservation does not imply fraud or fraudulent purpose, it withholds nothing from his creditors that they are entitled to have—nothing that they could sell under execution, if the deed had not been made.   The deed in no way helped the debtor to claim and have his exemptions—these the law secured to him in any case—they afforded no motive, fraudulent or otherwise, to make the deed.   The mere fact that the debtor provided in the deed that he might take money in lieu of articles of property did not prejudice the creditor, this provision did not help him to any advantage to the prejudice of the plaintiffs.   In any

case he could only get five hundred dollars, and the leading and declared purpose is to get only the exemption allowed by law. The reservation, therefore, did not render the deed presumptively fraudulent upon its face, nor was it evidence of fraud or fraudulent purpose. *Eigenbrun* v. *Smith*, 98 N. C., 207.

It appeared on the trial that E. A. Whitaker, Jr., a creditor of the third class provided for, is a son of the defendant debtor, and the plaintiffs requested the Court specially to instruct the jury that on account of such relationship the law presumed his debt to be fraudulent, subject to the right of the defendants to rebut such presumption, The Court declined to do so, and the plaintiffs excepted. The mere fact of such relationship and the indebtedness of the father to the son, did not raise the presumption that such indebtedness was fraudulent, and hence the plaintiffs were not entitled to the instruction asked for. Father and son may deal with each other in good faith just as others not so related may do. Where interested parties bring their mutual dealings into question, the mere relationship gives rise to suspicion, and it becomes evidence of fraud. Other like attending evidence may raise the presumption of fraud, subject to be rebutted. Thus, if the father be insolvent and sell his property to his son for less than its reasonable value, the presumption of fraud would arise where explanation is withheld, but such presumption might be rebutted. When such presumption arises, the jury, under proper instructions from the Court, must find the fraudulent intent, unless it shall be rebutted by proof satisfactory to them. *Winchester* v. *Reid*, 8 Jones, 377; *McCanless* v. *Flinchum*, 89 N. C., 373; *Helms* v. *Green*, 105 N. C., 251.

The Court having reference to the instruction prayed for above mentioned told the jury that "it is a rule of law, says an eminent Judge, that when a debtor much embarrassed conveys property of much value to a near relation, and the

transaction is secret, and no one present to witness the transaction but mere relations, it is to be regarded as fraudulent; but when the relations are made witnesses in the cause and depose to the fairness and *bona fides* of the transaction, and that there was no purpose of secrecy, it then becomes a question for the jury to determine the intent which influenced the parties, and to find it fraudulent or otherwise as the evidence may satisfy them." In view of the evidence, this instruction was all the plaintiffs were entitled to have. Although it was not directly appropriate, it gave the jury to understand that if the defendant father was insolvent, and he became largely indebted to his son, a preferred creditor, such indebtedness would "be regarded as fraudulent," unless it should appear to them otherwise from evidence referred to before them. The instructions of the Court to the jury were intelligent and very fair, rather favorable to the plaintiffs, and they have no substantial grounds of complaint. The jury rendered their verdict adverse to them, and there was evidence upon which they might do so.

There are other unimportant exceptions, but we need not refer to them further than to say that they are without merit and cannot be sustained.

Affirmed.