CITY NATIONAL BANK OF NORFOLK v. J. B. BRIDGERS et al.

*Fraudulent Conveyance—Dealings Between Brothers—Burden of Proof.*

1. The existence of near relationship between parties to a suspicious transaction often constitutes additional evidence of fraud for the jury, but, in the trial of an action to set aside a conveyance on the ground of fraud, it was error to instruct the jury that proof of the existence of near relationship between a grantor and grantee named in a deed amounts to a *prima facie* showing of fraud so as to make it incumbent on the parties upholding the deed to offer affirmative testimony to show good faith or submit to a verdict on an issue of fraud.

2. In the trial of an action to set aside as fraudulent a deed of trust from one brother to another it is in the sound discretion of the trial Judge to permit counsel to comment on the failure of the defendant to introduce as witnesses other parties to the transaction.

ACTION to declare deed void for fraud, and to sell property (therein conveyed) under order of Court to pay plaintiff's debt, and to restrain trustee from disposing of the same pending the litigation, heard at December Special Term, 1893, of NORTHAMPTON Superior Court, before *Whitaker, J.*, and a jury.

It appeared in evidence that on the 22d day of June, 1893, the defendant J. B. Bridgers and his wife made a deed of conveyance, absolute in form, conveying to his

brother, W. K. Bridgers, certain property, and that said deed was duly registered on the next day, the consideration for said conveyance being $3,000; that on the 24th June, 1893, the said W. K. Bridgers and his wife reconveyed said property to said J. B. Bridgers, the consideration mentioned in said deed being $10, this deed being registered 29th June, 1893; that Garris & Bridgers (the Bridgers of this firm being another brother of said J. B. Bridgers) on the 24th June, 1893, made a deed to J. D. Bottoms, the defendant, conveying certain property in trust to pay certain indebtedness of Garris & Bridgers, said deed being duly registered on the 29th June, 1893, and that on the 24th June, 1893, the said J. B. Bridgers and his wife made a deed to defendant J. D. Bottoms, conveying a part of the property conveyed in the two first mentioned deeds in trust to sell and out of the proceeds to pay a certain note of $700, given by W. K. Bridgers to J. B. Bridgers, to enable him to borrow money, and indorsed by J. B. Bridgers, and an account due by said J. B. Bridgers to Garris & Bridgers.

It further appeared in evidence that this note of $700 had been indorsed by J. B. Bridgers to the plaintiff as collateral security for a certain note of $800, due by said J. B. Bridgers, the same being a part of the indebtedness mentioned in complaint of plaintiff. The plaintiff introduced in evidence these two notes of $700 and $800.

The plaintiff in this action sought, among other things, to have the deed of 24th June, 1893, by J. B. Bridgers to John D. Bottoms declared fraudulent and void as to creditors.

The plaintiff introduced in evidence the last and other deeds above mentioned.

Many issues were submitted to the jury, all of which were answered by consent except the first, to-wit: "Was the deed from J. B. Bridgers to J. D. Bottoms, dated June

24, 1893, made with the intent to hinder, delay and defraud the creditors of J. B. Bridgers?"

. It was admitted by the parties, in open court during the examination of witnesses, that at the time of making the deed by J. B. Bridgers to J. D. Bottoms, which plaintiff sought to have declared fraudulent as to creditors, the said J. B. Bridgers had property besides that mentioned in this deed sufficient to pay his debts.

Counsel for plaintiff, in his argument to the jury, commented upon the fact that the defendant J. B. Bridgers had not been brought to court and introduced as a witness in behalf of the defendants. To this the defendants then and there objected. The Court permitted the counsel for plaintiff to continue with his comments of this nature, and the defendants excepted.

The counsel for plaintiff also commented on the fact that W. K. Bridgers, who was then, and was during the progress of the trial, in court, had not been examined as a witness in behalf of defendants; and to this the defendants then and there objected, and, upon the Court's permitting said counsel to continue his comments as aforesaid, excepted.

The Court instructed the jury that the only issue which was submitted to them for their consideration and answer, all the others having been answered by consent, was the first: "Was the deed from J. B. Bridgers to J. D. Bottoms, dated June 24, 1893, made with intent to hinder, delay and defraud the creditors of J. B. Bridgers?" That if they found that W. K. Bridgers, who signed the note indorsed to plaintiff by J. B. Bridgers and secured by deed in trust, and the Bridgers of the firm of Bridgers & Garris were brothers of J. B. Bridgers, then the law looked with suspicion on the transaction, and it was incumbent on the defendants to establish the debts secured by the trust, or a

sufficient number of them, to satisfy the jury that the deed was not intended as a colorable security for fictitious debts, but was made to the intent of honestly securing real debts. To this the defendants then and there excepted.

The jury answered the first issue, " Yes."

The defendants moved the Court to set aside the verdict as to the first issue, because of the Court's permitting counsel for plaintiff to comment upon the non-introduction of J. B. Bridgers and W. K. Bridgers as witnesses for defendants, and because of the instructions of the Court to the jury as hereinbefore stated.

The Court, being of the opinion that it erred in permitting the comments of counsel and in its instructions to the jury as hereinbefore stated, set aside the verdict of the jury as to the first issue and directed a new trial as to this. This was done by the Court not in the exercise of its discretion, but as a matter of law.

The plaintiff excepted and appealed.

*Messrs. W. H. Day, J. W. Hinsdale* and *Alexander Stronach,* for plaintiff (appellant).

*Mr. R. B. Peebles,* for defendants.

AVERY, J.: Persons standing in the relation of parent and child or of brothers "may deal with each other in good faith just as others not so related may do." In such cases the presumption of fraud may arise where an insolvent person conveys valuable property to a near relation for less than its reasonable value, if the transaction is witnessed only by the parties and persons so related and they withhold explanation by refusing to go upon the stand and testify. *Banking Co.* v. *Whitaker,* 110 N. C., 348; *Helms* v. *Green,* 105 N. C., 264; *Brown* v. *Mitchell,* 102 N. C., 372; *Reiger* v. *Davis,* 67 N. C., at page 189.

The doctrine applicable in such cases is founded upon a familiar and recognized rule of evidence. "When effective proofs are in the power of a party who refuses or neglects to produce them, that naturally raises a presumption" (says Best in his work on Evidence, p. 277) "that those facts if produced would make against him." Generally where parties withhold evidence which it is exclusively within their power to produce "the law puts the interpretation upon such conduct that is most unfavorable to the suppressing party." It is the willful or negligent failure to furnish evidence under his control and not accessible to his adversary, not the relationship of the parties, that calls for explanation. Wharton on Evidence, secs. 1266 to 1269; *Helms* v. *Green, supra.* The existence of near relationship between parties to a suspicious transaction often constitutes additional evidence of fraud to be weighed by the jury. But in the case at bar the inquiry was whether a deed of assignment made by J. B. Bridgers on the 24th of June, 1893, to the defendant J. D. Bottoms as trustee, conveying certain property to secure the alleged indebtedness of the grantor or assignor to Bridgers & Garris, was in fact executed not in good faith, but to hinder, delay and defeat the claims of the creditors of said J. B. Bridgers. The evidence of the successive transfers of property among the members of his family was admitted without objection and went to the jury with other circumstances bearing upon the main issue as to the character of the conveyance to Bottoms. But upon no known principle of evidence could we hold that any suspicious circumstances attending other distinct transactions would shift the burden of proof or make it incumbent upon the jury to find that the Bottoms deed was executed with intent to defraud in the absence of explanation. The deed of assignment was not shown to have been executed in a secret family conclave. It does

not appear from the record that Bottoms sustained any nearer relation certainly than that of a trusted friend, nor can we conclude without evidence that there was any secrecy in the execution of a paper which was registered a few days later. " It was admitted by the parties in open court during the examination of witnesses that at the time of the making of the deed by J. B. Bridgers to J. D. Bottoms, etc., the said Bridgers had property besides that mentioned in the deed sufficient to pay his debts." So that there was no proof of a secret transaction between relations or of a withholding by them of explanations as to matters peculiarly within their knowledge and bearing upon the issue. If the grantor retained property sufficient and available to satisfy all of his debts the deed could not (nothing more appearing) have been declared fraudulent, had it been a voluntary conveyance to the grantor's child instead of an assignment to a stranger for the benefit of creditors.

In both of the paragraphs of the complaint in which the financial status of J. B. Bridgers is mentioned the plaintiff alleges not that he was, when the deed was executed, but that "he is" (now, at the date of verifying the complaint) insolvent. The equivocal denial of that allegation in the answer is tantamount to an admission, but is not at all inconsistent with the other admission made on the trial, that at the previous date of the deed of assignment Bridgers retained property sufficient to pay his debts. It is not strange or unusual for persons, by some unwise step or unfortunate deal, to sacrifice in a day the best financial standing and become suddenly not only insolvent but hopelessly bankrupt. The instruction given by the Court in so far as it declared the relationship of the trustor and *cestui que trust*, as an abstract principle, was certainly correct, if not so in its application to the circumstances of this case.

But it was error in this or any other case to lay down the broad proposition that the proof of the existence of near relationship between a grantor or assignor and the grantees or beneficiaries named in a deed amounts to a *prima facie* showing of fraud, so as to make it incumbent on the parties upholding the deed to offer affirmative testimony to show good faith or submit to a verdict against them on an issue of fraud.   In order to exclude any conclusion to the contrary we deem it proper to say that the ruling of the Judge below in the first instance, that it was within the sound discretion of the Court to permit counsel to comment on the failure to offer J. B. Bridgers and W. K. Bridgers, was correct, and if the setting aside of the verdict had depended solely upon the soundness of that view of the law it would have been error to grant the new trial.   *Hudson* v. *Jordan*, 108 N. C., 10.

For the reasons given we think that the Judge erred in the instruction given as to the effect of the evidence and very properly corrected the error before the matter passed beyond his control.                                   Judgment Affirmed.